UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

   Plaintiff,

v.                Case No. 05-74227
                  Honorable Patrick J. Duggan
KEYSTONE AUTOMOTIVE
INDUSTRIES, INC., d/b/a COAST TO
COAST INTERNATIONAL and
INTERNATIONAL WHEEL COVER,

   Defendant.
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 8(a)(2) AND 12(b)(6) AND (7) OR, IN THE ALTERNATIVE, TO ORDER PLAINTIFF TO ADD AN INDISPENSIBLE PARTY AND PROVIDE A MORE DEFINITE STATEMENT UNDER RULE 12(e)</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 28, 2006.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
       U.S. DISTRICT COURT JUDGE

  Plaintiff Ford Motor Company ("Ford") filed this lawsuit against Defendant Keystone Automotive Industries Inc. ("Keystone") alleging the following counts: (1) federal trademark infringement and counterfeiting under 15 U.S.C. § 1114; (2) trademark dilution under 15 U.S.C. § 1125(c); (3) false designation of origin or sponsorship, and false advertising under 15 U.S.C. § 1125(a); (4) contributory infringement; and (5) unfair

1

competition. Presently before the Court is Keystone's motion to dismiss the complaint under Rules 8(a)(2) and 12(b)(6) and (7) of the Federal Rules of Civil Procedure or, in the alternative, to order Ford to add an indispensible party and provide a more definite statement under Rule 12(e). The motion has been fully briefed and the Court does not find a hearing or oral argument necessary. For the reasons that follow, Keystone's motion will be denied.

**I.     Factual Summary**

Ford manufactures automobiles and produces automobile parts and accessories, including wheels, wheel caps, and wheel covers. *See* Compl. ¶¶ 10-11. Keystone also manufactures, advertises, distributes, promotes, and sells wheel covers, wheel caps, and other related items. *See id.* ¶ 1. Ford first registered the trademark FORD® with the United States Patent and Trademark Office ("PTO") in 1989. *See id.* ¶ 8. Ford began using the FORD BLUE OVAL LOGO® in 1996, and first obtained a trademark registration for that mark in 1986. According to Ford, Keystone uses trademarks on its wheels and wheel covers that are confusingly similar to the FORD BLUE OVAL LOGO®. *See id.* ¶¶ 1 & 13.

**II.    Applicable Standards**

Federal Rule of Civil Procedure 8(a) requires that a pleading which sets forth a claim for relief, such as a complaint, set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief

sought. FED. R. CIV. P. 8(a). Pleadings must provide "fair notice of what the [party's] claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). A motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) may be brought "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. Construing the complaint in a light most favorable to the plaintiff and assuming that the plaintiff's factual allegations are true, the court must determine whether the complaint states a valid claim for relief. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)(citing *Jenkins v. McKeithen*, 395 U.S. 411, 421-33, 89 S. Ct. 1843, 1848-49 (1969)). A court may dismiss a claim pursuant to a Rule 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegation." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)(citing *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102). Pursuant to Rule 12(b)(7), a court also may dismiss a claim for failure to join a party under Rule 19.

As the Sixth Circuit summarized in *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656 (2004), assessing whether a complaint must be dismissed for failure to join an indispensible party under Rule 19 is a three-step process. *Id*. at 666 (citations omitted). First the court must determine whether the unjoined party is a necessary party under Rule 19(a). *Id*. If so, the court then must decide if joinder of the party is feasible. *Id*. Third, if

3

joinder is not feasible, "the court must analyze the Rule 19(b) factors to determine whether the court should 'in equity and good conscience' dismiss the case because the absentee is indispensable."[1]  *Id.*

### III.  Keystone's Arguments

In its motion, Keystone contends that Ford's complaint "is vague, inconsistent, and fails to define a cause of action for any of the alleged statutory wrongs, and may omit to name an indispensible party."  *See* Mot. at 2.  Specifically, Keystone lists the following insufficiencies in Ford's complaint: (1) failure to identify the federal registration numbers of the marks asserted; (2) failure to allege that Keystone is actually using the registered "Ford Marks" rather than simply an unregistered oval; (3) failure to allege as part of its

---

[1]Rule 19(b) provides:

> **(b) Determination by Court Whenever Joinder not Feasible**.  If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.  The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping or relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

FED. R. CIV. P. 19.

dilution claim that an oval, or even a blue oval, is a "famous mark"; and, (4) the inclusion of an incomprehensible series of fact recitations in paragraphs 16-18. *See id.* at 1. In addition to arguing that Ford has not alleged facts to support its claims, Keystone argues that Ford's claim for trademark dilution is inconsistent with its claim for trademark infringement. Moreover, Keystone contends that Ford fails to allege trademark infringement by any specific third party and therefore fails to properly allege a claim for contributory infringement. Keystone claims the complaint is deficient because that third party is not joined as a party.

**IV.    Applicable Law and Analysis**

The Court will address the sufficiency of Ford's complaint pursuant to Rule 8 and 12(b)(6) and (7) by reviewing each claim independently.

**A.    Federal Trademark Infringement and Counterfeiting Under 15 U.S.C. § 1114 (Count 1)**

To maintain an action for trademark infringement under the Lanham Act, a plaintiff must prove the following: (1) ownership of the mark; (2) continuous use; (3) secondary meaning if the mark is descriptive; and (4) a likelihood of confusion among consumers. *Homeowners Group, Inc. v. Home Mktg. Specialists, Inc.*, 931 F.2d 1100, 1105 (6th Cir. 1991). Ford alleges ownership of the FORD BLUE OVAL LOGO®. *See* Compl. ¶ 9. Ford also alleges that it has continuously used the mark and that it has expended considerable funds to advertise, promote, and develop its mark such that it is world-famous and distinctive. *See id.* ¶¶ 11-12. Finally, Ford contends that Keystone's

use of Ford's mark or confusingly similar versions of Ford's mark on and in connection with Keystone's products is likely to cause potential purchasers of Keystone's products and services, as well as the public at large, to believe that Keystone's products are affiliated with or authorized, sponsored, or endorsed by Ford. *See id.* ¶¶ 13-23 & 30. These allegations are sufficient to satisfy the requirements of Rule 8(a). Furthermore, assuming that these allegations are true as this Court must in evaluating Keystone's 12(b)(6) motion, the Court concludes that Ford states a claim for trademark infringement upon which relief can be granted.

With respect to Keystone's contention that Ford's trademark infringement claim fails because Ford does not allege that it has a registered trademark for a blank oval design, the Court finds this argument to be frivolous. Ford clearly alleges that it has a trademark in the FORD BLUE OVAL® LOGO. This mark encompasses the name FORD, as well as the design of the mark. *See* Reply Ex. A at 3. It is clear from Ford's complaint that Keystone's use of this or a similar design (including the particular location on its products where Keystone places the design which allegedly is similar to the location where Ford places the FORD BLUE OVAL LOGO® on its products) is the subject of Ford's complaint.

Paragraph 18 of Ford's complaint does not render its trademark infringement claim "incomprehensible," particularly when read in conjunction with paragraph 17. As both paragraphs allege, distributors of Keystone's products include– notably in the same box in which they ship Keystone's products– decals which are counterfeits of the FORD

BLUE OVAL LOGO®.  *See* Compl. ¶¶ 17-18.  Ford contends that affixing these decals to Keystone's products renders the products indistinguishable from Ford's products and thereby creates customer confusion.  *See id*. ¶¶ 15-16.  Ford alleges that Keystone is liable for such infringement as it knew or should have known of its distributors' actions.  *See id*. ¶ 19.

### B.     Trademark Dilution Under 15 U.S.C. § 1125(c) (Count 2)

In order to establish a claim for trademark dilution under Section 1125(c), a plaintiff must establish the following: (1) its mark is famous and distinctive; (2) the defendant is making a commercial use of a junior mark that began after the plaintiff's mark became famous; and (3) the defendant's use of the junior mark causes dilution of the distinctive quality of the plaintiff's senior mark.  *Kellogg Co. v. Toucan Golf, Inc.*, 377 F.3d 616, 628 (6th Cir. 2003).  "The term 'dilution' means the lessening of the capacity of a famous mark to identify and distinguish goods and services . . ."  *Kellogg Co. v. Exxon Corp.*, 209 F.3d 562, 576-77 (6th Cir. 2000)(citing 15 U.S.C. § 1127).

As set forth previously, Ford alleges that its FORD BLUE OVAL LOGO® is famous and distinctive and that Keystone began using its junior mark in commerce subsequent to Ford's mark becoming famous.  *See* Compl. ¶¶ 9-13.  Ford also alleges that Keystone's use of its junior mark "dilutes, blurs the distinctiveness, and tarnishes the Ford Marks."  *See* Compl. ¶ 27; *see also id*. ¶ 40.  These allegations are sufficient to fairly notify Keystone as to what Ford's trademark dilution claim is and the grounds on which the claim rests.  Assuming these allegations are true, Ford has stated a valid claim for

7

relief.

The Court disagrees with Keystone that Ford's complaint is confusing due to Ford's inclusion of a trademark dilution claim and a trademark infringement claim. Even if Keystone is correct that these claims are inconsistent– although the Court is not convinced that they are– Rule 8 specifically permits a party to set forth as many separate claims as the party has, regardless of consistency. FED. R. CIV. P. 8(e).

### C.  False Designation of Origin or Sponsorship and False Advertising Under 15 U.S.C. § 1125(a) (Count 3)

The Lanham Act imposes liability on "[a]ny person who, on or in connection with any goods or services . . . uses in commerce . . . any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin . . . of his goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(A). The basic standard for Ford's false designation of origin claim and trademark infringement claim is the same– likelihood of confusion. *See AutoZone, Inc. v. Tandy Corp.*, 373 F.3d 786, 791 (6th Cir. 2004). Ford clearly alleges that Keystone's use of a mark which is the same or similar to Ford's BLUE OVAL LOGO® "is likely to confuse, mislead or deceive customers, purchasers, and members of the general public as to the origin . . . of [Keystone's] services and products." *See* Compl. ¶ 48. Contrary to Keystone's assertion, *see* Mot. at 6, the fact that Ford's false designation of origin claim pursuant to Section 1125(a) may be repetitive of or inconsistent with Ford's trademark infringement claim

8

pursuant to Section 1114 does not prevent Ford from alleging the claim in its complaint. *See* FED. R. CIV. P. 8(e).

### D.     Contributory Infringement (Count 4)

To establish its contributory infringement claim, Ford must show that Keystone "intentionally induces another to infringe a trademark" or that it "continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement." *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 854, 102 S. Ct. 2182, 2811 (1982)(citation omitted). Keystone contends that Ford's contributory infringement claim fails because Ford has not alleged direct trademark infringement by any third party. Ford, however, has alleged direct infringement by a third party. In paragraphs 17 and 18 of its complaint, Ford claims that distributors of Keystone's products include counterfeit decals of the FORD BLUE OVAL LOGO® in the same box as Keystone's products when it sends those products to purchasers. *See* Compl. ¶¶ 17-18. Ford further claims that Keystone knew or had reason to know of its distributors' conduct. *See id*. ¶¶ 19 & 54.

Keystone fails to cite any authority suggesting that Ford must name as a party the third party directly infringing Ford's mark. Keystone also fails to present any argument as to why that third party is an indispensible party pursuant to Rule 19. "The burden is on the party raising the defense [of failure to join an indispensable party] to show that the person or entity who was not joined is needed for a just adjudication." CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND

9

PROCEDURE 3d § 1609, p. 129-30 (cases cited therein).

### E. Unfair Competition (Count 5)

Keystone contends that Ford's unfair competition claim is a "throw away," although the Court is at a loss to understand the basis for Keystone's statement as Ford alleges actions by Keystone which would constitute unfair competition. As the Sixth Circuit has explained, unfair competition may include, *inter alia*, infringement of trademarks and service marks, dilution of good will in trademarks, and false representations and false advertising. *Parameter Driven Software, Inc. v. Massachusetts Bay Ins. Co.*, 25 F.3d 332, 336-37 (6th Cir. 1994). In short, the practices made illegal under Section 1125 of the Lanham Act constitute unfair competition. *See Sovereign Order of Saint John of Jerusalem, Inc. v. Grady*, 119 F.3d 1236, 1242 (6th Cir. 1997)(explaining that Section 1125 "makes illegal a broad array of rather amorphous practices that are commonly arranged under the loose rubric of 'unfair competition.'") As Ford sufficiently alleges violations of Section 1125 to satisfy Rules 8(a) and 12(b)(6), the Court concludes that its unfair competition also should not be dismissed.

### V. Conclusion

For the reasons stated above, the Court concludes that Ford's complaint satisfies the pleading requirements of Rule 8. Ford's allegations are sufficient to put Keystone on notice as to what Ford is claiming and the facts on which Ford is relying to support its claims. The Court further holds that Ford has alleged facts, which if true, support its claims for trademark infringement, trademark dilution, false designation of origin,

contributory infringement, and unfair competition.

Accordingly,

**IT IS ORDERED**, that Keystone's motion to dismiss or, in the alternative, to order Ford to add an indispensible party and provide a more definite statement is **DENIED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Kathleen A. Lang, Esq.
Gregory D. Phillips, Esq.
Thomas N. Young, Esq.